UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| EBY, IVAN S. | § | Case No. 11-05961 MGW |
| EBY, KATHERINE I. | § | |
| | § | |
| Debtor(s) | § | |

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that ANGELA WELCH , TRUSTEE, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

Clerk U.S. Bankruptcy Court
United States Bankruptcy Court
801 N. Florida Avenue
Tampa, FL 33602-3899

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, together with a request for a hearing and serve a copy of both upon the trustee, any party whose application is being challenged and the United States Trustee. If no objections are filed, the Court will act on the fee applications and the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 04/29/2014          By: /s/Angela Welch
                                                            Trustee

ANGELA WELCH , TRUSTEE
*12157 W. Linebaugh Avenue*
*PMB 401*
*Tampa, FL 33626-1732*

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| EBY, IVAN S. | § | Case No. 11-05961 MGW |
| EBY, KATHERINE I. | § | |
| | § | |
| Debtor(s) | § | |

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---|
| The Final Report shows receipts of | $ | 3,800.00 |
| and approved disbursements of | $ | 2,220.00 |
| leaving a balance on hand of[1] | $ | 1,580.00 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000001 | Wells Fargo Financial Florida Inc | $ 12,385.90 | $ 0.00 | $ 0.00 | $ 0.00 |

| | | |
|---|---|---|
| Total to be paid to secured creditors | $ | 0.00 |
| Remaining Balance | $ | 1,580.00 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: ANGELA WELCH, TRUSTEE | $ 425.00 | $ 0.00 | $ 425.00 |
| Trustee Expenses: ANGELA WELCH, TRUSTEE | $ 87.92 | $ 0.00 | $ 87.92 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Charges: Clerk, United States Bankruptcy Court | $ 293.00 | $ 0.00 | $ 293.00 |

| | |
|---|---|
| Total to be paid for chapter 7 administrative expenses | $ 805.92 |
| Remaining Balance | $ 774.08 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 5,279.89 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 14.7 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000002 | FAWCETT MEMORIAL HOSPITAL | $ 246.36 | $ 0.00 | $ 36.12 |
| 000003 | OneMain Financial asf CitiFinancial, Inc | $ 4,632.18 | $ 0.00 | $ 679.12 |
| 000004 | United Consumer Financial Services | $ 401.35 | $ 0.00 | $ 58.84 |

| | |
|---|---|
| Total to be paid to timely general unsecured creditors | $ 774.08 |
| Remaining Balance | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/Angela Welch
　　　　　　　　　　　　　　Trustee

ANGELA WELCH , TRUSTEE
12157 W. Linebaugh Avenue
PMB 401
Tampa, FL 33626-1732

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.